UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 1:16-CR-2006-EFS-2 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER GRANTING MOTION FOR DETENTION |
| vs. | |
| ERICA GODINEZ, | **ECF No. 209** |
| Defendant. | |

Before the Court is Defendant's Motion to Reconsider Order Granting Motion for Detention (ECF No. 209). Defendant appeared, in custody, with attorney George Trejo, Jr. Assistant United States Attorney Benjamin Seal represented the United States.

Defendant's Motion to Reconsider Order Granting Motion for Detention was construed, at the Defendant's request, as a motion to reopen the bail hearing, pursuant to 18 U.S.C. § 3142(f)(2).

Defendant's Motion to Reopen the Bail Hearing (**ECF No. 209**) is **DENIED.**

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER GRANTING MOTION FOR DETENTION - 1

The Court reviewed and considered the filings by the parties (ECF Nos. 209, 210), the audio-recording of the initial detention hearing on February 29, 2016, the presentence report (ECF No. 57), the Order Granting the United States' Motion for Detention (ECF No. 59), sealed documents (ECF No. 252), and the parties' arguments.  To decide whether conditions of release would reasonably assure the Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

The Court finds the following:

**FINDINGS OF FACT AND**

**STATEMENT OF REASONS FOR DETENTION**

☒    Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that the Defendant is a flight risk and a danger to the community based on the nature of the pending charge.  Application of the presumption is appropriate in this case.  Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community

1  and/or no condition or combination of conditions will reasonably assure the
2  appearance of the Defendant as required.

3  ☐   This not a rebuttable presumption case; however, the case is eligible for a
4
5  detention hearing under 18 U.S.C. § 3142(f)(2). There is a serious risk that the
   Defendant: will not appear and/or endanger the safety of another person or the
6
7  community.

8  ☒   Defendant has a history of:   ☒   Failures to appear

9                                    ☒   Failures to comply

10

11 ☒   The Court finds the Defendant is not supervisable.

12 ☒   Defendant appears to suffer from chemical dependency.
13

14 ☒   Defendant has a significant criminal history.

15 ☐   Defendant has an outstanding warrant(s).
16

17 ☒   Defendant was under supervision at the time of his arrest/the instant alleged
18     offense.

19 ☐   Defendant does not have a suitable residence.
20

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER
GRANTING MOTION FOR DETENTION - 3

1    ☒    The Grand Jury has found probable cause.

2

3    ☐    Defendant has continuing and significant ties to a foreign country,

4          including_____.

5    ☒    Defendant is currently on probation/supervision resulting from a prior

6

7          offense.

8    ☐    Bureau of Immigration and Customs Enforcement Detainer.

9    ☐    Other:

10

11    ☐    By a preponderance of the evidence there are no conditions or combination

12          of conditions other than detention that will reasonably assure the appearance

13          of Defendant as required.

14    ☐    By clear and convincing evidence there are no conditions or combination of

15

16          conditions other than detention that will ensure the safety of the community.

**IT IS ORDERED:**

17

18      1.    The Defendant's Motion to Reconsider Order Granting Motion for Detention (**ECF No. 209**) is **DENIED.**

19

20      2.    Defendant shall continue to be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent

practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall continue to be committed to the custody of the Attorney General pending disposition of this case or until further order of the court. Should circumstances change, the Defendant may petition the court to reopen the detention issue by written motion to amend and request for hearing, served upon the United States Attorney.

4. Defendant shall continue to be afforded reasonable opportunity for private consultation with counsel.

5. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

6. If the Defendant seeks review of this Order pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in L.Cr.R. 46(k).

DATED April 18, 2016.

s/Mary K. Dimke
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER GRANTING MOTION FOR DETENTION - 5